IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAUL CROSS, #46695-004                                                                       PETITIONER

VS.                                                              CIVIL ACTION NO. 3:20-cv-747-DPJ-FKB

WARDEN WALTER VEREEN                                                                      RESPONDENT

### REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2241 by Petitioner Paul Cross, who is currently incarcerated at the Yazoo City Federal Correctional Complex. He asserts that his sentence was improperly enhanced under the Armed Career Criminal Act ("ACCA") and that he is actually innocent of one of his convictions. The undersigned recommends that the petition be dismissed.

According to the filings, Cross was found guilty on November 4, 1994 of several drug-related offenses in the United States District Court for the Southern District of Florida, as follows: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; (2) use and carrying of a firearm during a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c) and 2; (3) possession of firearms in and affecting commerce, in violation of 18 U.S.C. §§ 922(g)(2), 924(a)(2), and 2; (4) possession of unregistered silencers in violation of 26 U.S.C. §§ 5861(d) and 5871, and 18 U.S.C. § 2; and (5) use of intimidation with intent to influence testimony, in violation of 18 U.S.C. §§ 1512(b)(1) and (2). [11-2] at 2.[1] On June 9, 1995, the court sentenced him to a total term of 720 months, followed by a term of five years of supervised release. [11-2] at 2-3. The Eleventh Circuit Court of Appeals affirmed Cross's conviction and sentence on appeal. *See* [11-3].

---

[1] According to Petitioner's filings, the firearm was a machine gun, and he possessed six silencers. [2] at 2.

Since that time, Cross has mounted several challenges to his conviction. *See* [1] at 3-4; [11] at 2-3. Based on Guidelines Amendment 782, the court reduced his sentence from 720 months to 651 months of imprisonment. *United States v. Cross*, No. 1:93-cr-123 (S.D. Fla. 1994), at Order [523]. And between 2002 and 2013, Cross filed four separate motions to vacate pursuant to 28 U.S.C. § 2255, all of which were denied. *See* [11] at 3; *see also Cross v. United States*, No. 1:13-cv-24071-DTKH (S.D. Fla. Nov. 14, 2013), R. & R. [4].

Cross filed this § 2241 action on November 8, 2020, arguing that he was entitled to relief because he was wrongly sentenced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c)(1). [2] at 2. Citing *Rehaif v. United States,* 139 S.Ct. 2191 (2019), he also argues that he is innocent of his 18 U.S.C. § 922(g) conviction because the government failed to prove both that he knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm, i.e., that he knew he was a fugitive from justice. [2] at 5-6. Therefore, Cross reasons, he can challenge his sentence under the saving clause of 28 U.S.C. § 2255(e) and *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). Cross argues that he may nevertheless proceed under § 2241 because his claim falls under the saving clause exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is "inadequate or ineffective to test the legality of [his] detention." *See* 28 U.S.C. § 2255(e).

2

However, the United States Supreme Court has recently abrogated the § 2255(e) saving clause test found in *Reyes-Requena* and similar tests in cases from other circuits. *See Jones v. Hendrix*, No. 21-857, 143 S. Ct. 1857, 1868 (2023)(citing cases). Describing these saving clause tests as "workaround[s]" allowing "end-run[s] around AEDPA[,]"[2] the Supreme Court concluded that the AEDPA "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 1868-1869.[3] Aside from such circumstances, the inability of a prisoner to satisfy the conditions of § 2255(h) "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 1869.

The *Jones* decision leaves no doubt that § 2241 is unavailable to Cross as a method to challenge to his sentence. Accordingly, the undersigned recommends that Cross's petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[4] shall bar that party, except upon

---

[2] When Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), it limited "second or successive" § 2255 motions to those that contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[3] As an example of a situation in which it would be impossible or impractical to file a § 2255 motion, the Court cited to cases in which the sentencing court had been dissolved or was otherwise no longer in existence. *Id.* at 1866.

[4] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of December, 2023.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE